# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>                      Plaintiff,<br>vs.<br><br>BART MONROE, *et al.*,<br><br>                      Defendants. | Case No. 2:10-cv-00385-GMN-PAL<br><br>**ORDER**<br><br>(Mot. Compel - Dkt. #19) |

Before the court is Plaintiff's Motion to Compel Defendant Gregory Shapiro to Respond to Interrogatories, Set One; Declaration of Arnold E. Sklar (Dkt. #19). The court set a hearing on the Motion on August 10, 2010. Arnold Sklar appeared on behalf of the Plaintiff. Defendant Gregory Shapiro, who is appearing *pro se*, did not appear. Mr. Shapiro also has not yet responded to the outstanding discovery requests which are the subject of this motion, or filed a response to the motion to compel.

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Counsel for Plaintiff represented that Mr. Shapiro has still not responded to outstanding discovery requests or requested an extension of time in which to do so. The motion, which is supported by the Declaration of Arnold Sklar seeks $660.00 in attorney's fees, and an additional $500.00 in fees and costs if the court sets this matter for hearing. The motion seeks reimbursement at the rate of $220.00 per hour for three hours of time. Counsel represents that his billable rate is normally $375.00 per hour, but he is billing this case at the rate of $220.00 per hour. Rule 37(a)(5) provides that if a motion to compel is granted, or if a disclosure or request for discovery is provided after a motion is filed, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's

reasonable expenses incurred in making the motion, including attorney's fees, unless one of the exceptions to the rule applies.  A court must not order payment of attorney's fees if: 1) the movant filed a motion before attempting in good faith to obtain the disclosure of discovery without court action; 2) the opposing party's non-disclosure, response or objection was substantially justified; or 3) other circumstances make an award of expenses unjust.  Counsel for Plaintiff communicated with Mr. Shapiro on multiple occasions and attempted to reach him on other occasions to obtain his discovery responses.  Mr. Shapiro has not responded, filed a response to the motion, or served his discovery responses. Accordingly, the court will grant the motion, give Mr. Shapiro fifteen days in which to serve full and complete discovery responses, and warn Mr. Shapiro that failure to timely comply with this order may result in the imposition of additional sanctions up to and including case dispositive sanctions for failure to meet his discovery obligations and comply with the court's order.

**IT IS ORDERED** that:

1. Plaintiff's Motion to Compel (Dkt. #19) is **GRANTED**, and Defendant Gregory Shapiro shall have until **August 27, 2010** in which to serve full and complete responses to Plaintiff's First Set of Interrogatories.
2. Attorney's fees in the amount of $440.00 are assessed as a sanction for the necessity of filing the Motion to Compel.
3. Failure to timely comply with this order may result in the imposition of additional sanctions up to and including case dispositive sanctions for Mr. Shapiro's failure to meet his discovery obligations, and comply with the court's order.

Dated this 12th day of August, 2010.

_____
Peggy A. Leen
United States Magistrate Judge