1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7   NATIONAL UNION FIRE INSURANCE CO OF         )
8   PITTSBURGH, PA,                             )
                                                )
9                            Plaintiff,         )        Case No. 2:10-cv-00385-GMN-PAL
                                                )
    vs.                                         )        **ORDER**
10                                              )
    BART MONROE, *et al.*,                      )        (Notice of Application - Dkt. #32)
11                                              )        (Ex Parte Application - Dkt. #42)
                             Defendants.        )
12  _____ )

13        The court conducted a hearing on January 20, 2011 on Plaintiff's Notice of Application and

14   Application for Extension of All Dates Set Forth in the Scheduling Order (Dkt. #32), and Plaintiff's Ex

15   Parte Application for: (1) Brief Extension of Time to Permit Filing of a Motion for Service by

16   Publication as to Defendant Bart Monroe, and (2) Order Addressing Motion for Extension of Dates Set

17   Forth in Scheduling Order (Dkt. #42).  Counsel for Plaintiff, Brian Vanderhoof, appeared.  None of the

18   Defendants appeared.

19        Counsel for Plaintiff advised the court that the Plaintiff has still not been able to locate and

20   serve Defendants Christopher Sichta and Bart Monroe.  Defendants Nevada SWPPP Control, Gregory

21   Shapiro, and Daniel Pietrafeso are appearing *pro se*.  Plaintiff requested leave to file a motion to serve

22   Defendants Sichta and Monroe by publication.  Defendants Shapiro, Pietrafeso and Nevada SWPPP

23   Control filed letters (Dkt. ##7, 30, 31) which were docketed as Answers.  Plaintiff's Motion (Dkt. #42)

24   requested an extension of time to permit filing of a motion for service by publication "as to the sole

25   remaining unserved Defendant, Bart Monroe."  However, during the hearing, counsel for Plaintiff

26   advised the court that Defendant Christopher Sichta had also not been served.  The court has no

27   information concerning the efforts Plaintiff has made, if any, to effectuate service on Christopher

28   Sichta.

The court canvassed counsel for Plaintiff concerning the discovery Plaintiff intends to conduct. Plaintiff would take the depositions of the individual Defendants and intends to serve requests for production of documents, and requested an adjustment of the court's Discovery Plan and Scheduling Order deadlines.

The court set the hearing on Plaintiff's Application for an Extension of the Discovery Plan and Scheduling Order Deadlines (Dkt. #32) on January 20, 2011, because Plaintiff had requested and received extensions of time to effectuate service on unserved Defendants until January 15, 2011. The court will continue this matter for thirty days to enable Plaintiff's counsel to file a motion to serve the unserved Defendants by publication, and to give the Defendants who have been served an opportunity to appear. At the continued status conference, the court will enter a Discovery Plan and Scheduling Order to get this case ready for trial.

Finally, Nevada SWPPP Control has made an appearance by filing a letter through its Principal, Daniel Pietrafeso. In the Ninth Circuit, a corporation may not appear except through counsel. *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). Accordingly, the court will give the corporate Defendant until February 16, 2011, in which to retain counsel to make an appearance in this action.

**IT IS ORDERED**

1. Plaintiff's Application for an Extension of the Discovery Plan and Scheduling Order Deadlines (Dkt. #32) is **GRANTED**. The court will adjust the Discovery Plan and Scheduling Order Deadlines at the next hearing and status conference.

2. Inasmuch as a corporation cannot appear except through counsel, *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993), Defendant SWPPP Control shall have until **February 16, 2011**, to retain counsel to make an appearance in this action.

3. Plaintiff shall have until **January 31, 2011**, in which to file and serve the motion for service by publication.

///

///

4.      A status hearing is set for **Thursday, February 17, 2011, at 9:30 a.m.**

Dated this 24th day of January, 2011.

_____
Peggy A. Leen
United States Magistrate Judge

3