# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NATIONAL UNION FIRE INSURANCE )
COMPANY OF PITTSBURGH, PA, )
)
                        Plaintiff, )    Case No. 2:10-cv-00385-GMN-PAL
)
vs. )    **ORDER**
)
BART MONROE, *et al.,* )    (Mtn Service by Publication - Dkt. #46)
)
)
                        Defendants. )
_____ )

       This matter is before the Court on Plaintiff's Notice of Motion and Motion for Order Permitting Service of Remaining Defendants by Publication, and Declaration of Arnold E. Sklar (Dkt. #46), filed January 26, 2011. The Court has considered the motion and its attachments.

## BACKGROUND

       Plaintiff filed its Complaint (Dkt. #1) on March 19, 2010, against the above-captioned defendants (collectively, the "Defendants"), alleging fraud (both intentional and negligent), fraudulent concealment, conversion, breach of fiduciary duty, constructive trust, and alter ego claims in a business transaction occurring between 2001 to 2008. Defendant William Bart Monroe ("Monroe") approved the invoices for Defendants Silverado Pipe & Supply, Inc. ("Silverado") and Nevada SWPPP Control ("SWPPP"). Defendant Christopher Sichta ("Sichta") registered Defendant Silverado in September 2001. A review of the court's docket reveals that summonses were issued by the Clerk of Court on all Defendants, including Mr. Monroe and Mr. Sichta (Dkt. ##3, 3-2). Summonses were returned and service perfected upon Defendants Nevada SWPPP Control, Gregory Shapiro and Daniel Pietrafeso. Service has not yet been perfected on the three remaining Defendants, including Mr. Monroe and Mr. Sichta. Plaintiff states in the Motion that relentless efforts have been made to locate and serve Mr.

Monroe and Mr. Sichta at multiple addresses. Plaintiff has also enlisted the services of a private investigator at Navarro Investigations, to locate and serve Mr. Monroe and Mr. Sichta, but to date, all efforts to serve Defendants Monroe and Sichta have been unsuccessful. Based upon the Order (Dkt. #26) entered October 28, 2010, the period in which to serve these Defendants expired on January 15, 2011. The current motion seeks to extend the time for service and to permit Plaintiff to serve Mr. Monroe and Mr. Sichta by publication.

## DISCUSSION

### A. Extending the 120-Day Service Period.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be served within 120 days after a complaint is filed. *Id.* The rule also provides that if service is not timely made, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time....If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* As a general matter, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the Rules of Civil Procedure. *See, e.g., Martin v. Longbeach*, 246 F.3d 674 (9th Cir. 2000); *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1992) (*overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Martin*, 246 F.3d at 674. Here, Plaintiff has diligently attempted service upon Mr. Monroe and Sichta, and the inability to serve Defendants Monroe and Sichta is beyond Plaintiff's control. Defendants will not be prejudiced by this extension of time. Therefore, the Court finds that good cause exists to extend the time for service an additional sixty days from the date of this order to allow Plaintiff to serve Mr. Monroe and Mr. Sichta.

### B. Service by Publication.

Rule 4(e)(1) provides for service upon individuals who may be served "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1). In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under

state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible NRCP 4(e)(1)(i), provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."

A party seeking service by publication, must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts generally look to when evaluating whether a party seeking service by publication has demonstrated due diligence. Nevada courts principally consider the number of attempts made by plaintiffs to serve the defendants at their residence and other methods of locating defendants, such as consulting public directories and family members. *See Price v. Dunn* 106 Nev. 100, 103, 787 P.2d 785, 786-7 (1990); Abreu v. Gilmer 115 Nev. 308, 311, 985 P.2d 746, 747 (1999); McNair v. Rivera 110 Nev. 463, 454, 874 P.2d 1240, 1241 (1994).

In Price, the Nevada Supreme Court overturned the district court's grant of service by publication, stating that "where other reasonable methods exist for locating the whereabouts of a defendant, plaintiff should exercise those methods." 106 Nev. at 103, 787 P.2d at 786-7. There, the plaintiff contacted the defendant's stepmother, then, upon hearing that the defendant lived out of state, moved for service by publication. Id at 105. The Price court held that, "although [plaintiff's] affadavit technically complies with NRCP 4(e)(1)(i), her actual efforts, as a matter of law, fall short of the due diligence requirement to the extent of depriving [defendant] of his fundamental right to due process." Id.

In Abreu, the court determined that the plaintiff had exercised due diligence in attempting service and thus could resort to service by publication. 115 Nev. at 311, 985 P.2d at 747. There, the plaintiff had made three attempts to serve the defendant at his possible address and also consulted telephone company directories in trying to locate the defendant. Id. By contrast, in McNair, the court held that the plaintiff Rivera's seven attempts to serve the defendant McNair at his residence did not meet the due diligence standard. 110 Nev. at 454, 874 P.2d at 1241. There, Rivera also tried to serve the defendant at a court hearing, but could not because the defendant did not attend. Id. The Nevada

1  Supreme Court ruled that because Rivera had made only one attempt to serve McNair during her second
2  extension, Rivera's affidavit for service by publication was inadequate. Id.
3        Here, Plaintiff has attempted to serve Mr. Monroe and Mr. Sichta at various addresses.
4  Moreover, Plaintiff's process server attempted to find Mr. Monroe and Mr. Sichta by utilizing a
5  subscription database service, and making personal contact with all listings within the database.
6  Plaintiff's process server has made a good faith effort to locate Mr. Monroe and Mr. Sichta without
7  success, and therefore, Plaintiff may resort to service by publication.
8        Based upon the foregoing,
9        **IT IS ORDERED** that the Motion for Order Permitting Service by Publication (Dkt. #46) is
10 **GRANTED**, and Plaintiff shall be given a sixty-day extension of time from the date of this order to
11 serve the complaint upon Mr. Monroe and Mr. Sichta by publication.
12       Dated this 31st day of January, 2011.

                                                      PEGGY A. LEEN
                                                      UNITED STATES MAGISTRATE JUDGE